THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY HEYWOOD, Plaintiff in Error.

*Opinion filed April 23, 1926—Rehearing denied June 4, 1926.*

1. CRIMINAL LAW—*when prosecution may comment on defendant's failure to produce witnesses.* It is error to comment upon the fact that the accused has not produced witnesses who are equally accessible to the prosecution, but where the defendant's counsel in his argument refers to the failure of the prosecution to bring in certain witnesses it is proper for the prosecuting attorney to ask defendant's counsel why he did not bring in the same witnesses, the court properly limiting the argument to the reply.

2. SAME—*counsel may draw legitimate inferences from the evidence.* It is the duty of the trial court to keep the argument within proper limits and to see that the accused is not prejudiced by inflammatory argument or by reference to matters not in evidence, but the prosecuting attorney has the right to draw all the legitimate inferences he can from the facts that are proved, and the accused has no right to complain that such deductions place him in a bad light before the jury.

3. SAME—*when question as to giving or refusal of instructions cannot be raised.* Error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract, as the question whether a particular instruction is erroneous must be considered in connection with all the other instructions given by the court, and although an error is apparent in the instruction the other instructions must be considered in determining whether the error was prejudicial.

4. SAME—*instructions must be taken as a series.* While an instruction which mis-states the law cannot be cured by another instruction given on the same trial which correctly states the law, an instruction which is merely incomplete can be supplemented by other instructions which are in harmony, as the instructions on a given subject are to be taken as a series, and if they fully and correctly state the law it is not material that one of them, standing alone, might have misled the jury.

5. SAME—*errors relied upon must be shown in abstract.* The presumption is that the judgment of the trial court is right, and a party bringing a case to the Supreme Court should so present his case that the errors in the record relied upon for a reversal clearly appear on the face of the abstract, as it is not the province of the court to search the record for the purpose of discovering errors on which to predicate a reversal.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM J. LINDSAY, Judge, presiding.

STEWART & O'BRIEN, (WILLIAM SCOTT STEWART, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, HENRY T. CHACE, JR., and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Harry Heywood, was convicted in the criminal court of Cook county of the murder of Adolph Skoff and his punishment fixed at life imprisonment.

The brawl and assault which resulted in the death of Skoff occurred about one o'clock in the morning of December 3, 1923, at a roadhouse known as "The Green Corners," located on the Joliet road outside the city of Chicago. Two buildings are located at this corner,—one a saloon and the other a house of prostitution. During the Sunday afternoon preceding the trouble in the house of prostitution, Adolph and his brothers, Frank and Joseph, and Thomas Norris, had visited other drinking establishments and Adolph had become intoxicated. Shortly after midnight they arrived at the Green Corners. Joseph Skoff and Norris went into the saloon and Frank and Adolph Skoff went into the house. Adolph retired to a bed-room with one of the inmates and Frank remained in the front room. When Adolph came out of the bed-room he was in a quarrelsome mood and undertook to provoke a fight with some young men who were in the house when he and his brother arrived. He created such a disturbance that one of the girls telephoned to plaintiff in error, who was in the saloon, and said to him, "They are sticking up the place." Plaintiff in er-

ror got a revolver from the back bar and ran toward the house. He was followed by Stefanini, the bar-tender, and Norris and Joseph Skoff. Joseph put his brother out of the house and went back in to get Frank, who was in the kitchen. When plaintiff in error came in he struck Frank over the head with the revolver and then went into the front room. By that time Adolph had returned and was commanding those present to stick up their hands. Before his brother put him out of the house he had said to those with whom he was trying to start a fight that he had a six-shooter in his pocket, but he did not display a gun. When plaintiff in error came into the room and saw those present standing with their hands up, he said, "What does this mean?" and Adolph told him to stick his hands up. Plaintiff in error grappled with him and they scuffled for a while, and then plaintiff in error shot Adolph three times. When the shooting occurred everyone ran out of the house. Adolph was taken to a hospital, where he died a few hours later.

It is contended that the judgment should be reversed because of improper argument of the State's attorney and because the court gave to the jury instructions offered on behalf of the People which did not fully and correctly state the law applicable to the facts in this case.

The evidence on behalf of the People consisted of the testimony of Frank and Joseph Skoff and Thomas Norris, and that on behalf of plaintiff in error consisted of the testimony of the police officer who made the arrest and of three young men who were in the house of prostitution during all the time Adolph was there. Plaintiff in error did not testify nor did the bar-tender or any of the inmates of the house. During the course of his closing argument the assistant State's attorney made this statement: "And Mr. Stewart says, 'Why didn't you bring in the other witnesses, Mr. Savage?' I say, 'Why didn't you bring them in, Mr. Stewart? Why didn't you bring in those girls?'" There

was an objection to this statement and the court required the State's attorney to refrain from further argument along that line, saying, "You have answered their arguments." To this ruling plaintiff in error excepts on the ground that it is not the duty of the accused to present any witnesses and that it is error for the State to comment upon the fact that the accused has not produced witnesses. It has been held that it is error to comment upon the fact that the accused has not produced witnesses who are equally accessible to the prosecution, (*People* v. *Munday*, 280 Ill. 32,) but the situation in that case was materially different from that presented to the court by the objection made in this case. Here the prosecutor was simply replying to a question which had been propounded by the attorney for the accused, and this he had a right to do. The court properly limited the argument to a reply to the argument of opposing counsel. During the course of his argument the assistant State's attorney said that it was a reasonable deduction from the facts proven that the saloon and the house of prostitution were a joint enterprise and that plaintiff in error was the "bouncer" employed to remove disturbers. The prosecuting attorney has the right to draw all the legitimate inferences he can from the facts that are proven, and the accused has no right to complain that such deductions place him in a bad light before the jury. It is always improper for an attorney, in his argument to the jury, to attempt to get before it matters not in evidence, but the prosecuting attorney in his argument has the right to comment upon the conduct of the accused and to denounce his wickedness, if such comment and denunciation are based upon evidence competent and pertinent to the issues. (*People* v. *Wood*, 318 Ill. 388; *People* v. *Curran*, 286 id. 302; *People* v. *Strauch*, 240 id. 60; *Crocker* v. *People*, 213 id. 287; *Schintz* v. *People*, 178 id. 320.) It is the duty of the trial court to keep the appeal to the jury to convict the accused within proper limits and to see that he is not prejudiced by inflammatory

argument, but this does not mean that the State's attorney cannot present his side of the case to the jury. Under the circumstances we are unable to see any basis for the complaint made of the argument in this case.

It appears from the abstract that the court gave to the jury fourteen instructions that were offered by the prosecution and twenty instructions that were offered by the accused. Eight of the former and none of the latter are set out in full in the abstract. Complaint is made that instructions No. 4 and No. 5 given at the request of the prosecution ignore the defense of self-defense. It has been held so often that it ought not to be necessary to repeat, that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract. (*People* v. *Goodman,* 283 Ill. 414; *People* v. *Weil,* 243 id. 208; *Reavely* v. *Harris,* 239 id. 526; *Thompson* v. *People,* 192 id. 79; *City of Roodhouse* v. *Christian,* 158 id. 137.) In determining whether an instruction is erroneous it must be considered in connection with all other instructions given by the court. Although there may be an error in one or more of the instructions they must be considered in a series, and if it can be seen that no injury resulted to the party complaining, the error will be treated as harmless. While an instruction which mis-states the law cannot be cured by another instruction given on the same trial which correctly states the law, an instruction which is merely incomplete can be supplemented by other instructions which are in harmony. Where instructions on a given subject, taken as a series, fully and correctly state the law, it is not material that one of the instructions, standing alone, might have misled the jury. (*People* v. *Scimeni,* 316 Ill. 591.) It is the duty of a party bringing a case here for review to prepare and file a complete abstract of the record in accordance with the rules. It is not the province of this court to search through the record for the purpose of discovering errors in the record

on which to predicate a reversal. The presumption is that the judgment of the trial court is right, and a party bringing a case to this court should so present his case that the errors in the record relied upon for a reversal clearly appear on the face of the abstract.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*