(No. 18960.—

THE PEOPLE *ex rel.* Wallie E. Akin, County Collector, Appellee, *vs.* THE SOUTHERN GEM COMPANY, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

WEST & ECKHART, and HART & HART, (WILLIAM M. KLEIN, and WILLIAM H. HART, of counsel,) for appellant.

ROY C. MARTIN, State's Attorney, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county treasurer and *ex-officio* county collector of the county of Franklin made application to the county court of that county for judgment of sale for the delinquent taxes for the year 1926 and prior years against certain lands, among others those of appellant, the Southern Gem Company. Appellant filed objections to the application, which were overruled and judgment of sale entered, from which judgment an appeal has been taken to this court.

Appellee made a *prima facie* case by the introduction of the delinquent tax list of real estate for 1926 and prior years and a certificate of its publication in the *Benton Evening News*. It is contended by appellant that the delinquent tax list did not comply with the statute of the State, and that proper proof of publication of such list as required by statute was not made. Appellant filed fifteen objections to

appellee's application, among them those just mentioned. Several of the objections were such as went to the merits of the case, and upon the hearing of the objections evidence was introduced upon such objections going to the merits of the controversy. While the publication notice of the delinquent tax list is jurisdictional, where the owner appears and defense is made as to the merits of the taxes for which judgment is sought against his property, the rule is that it makes no difference whether the notice given by the advertisement was defective or not or whether there was any advertisement at all. (*People* v. *Sherman*, 83 Ill. 165; *Hale* v. *People*, 87 id. 72; *Mix* v. *People*, 106 id. 425; *McChesney* v. *People*, 178 id. 542; *People* v. *Smith*, 281 id. 538; *People* v. *Wells*, 291 id. 584.) While appellant in the last paragraph of the objections filed by it stated that "the appearance of objector herein is limited in all jurisdictional objections to and for such objections only," by some of its objections it appeared to the merits and submitted itself completely to the jurisdiction of the court. By its objections it asked for an exercise of jurisdiction by the court and could not at the same time say that it refused to submit to the jurisdiction. Where a defendant appears to the merits no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general whether it is in terms limited to a special purpose or not. 2 Ency. of Pl. & Pr. 625; *Nicholes* v. *People*, 165 Ill. 502.

There is another reason why the above contention can not be maintained. Neither the delinquent tax notice nor the certificate of publication is set forth in the abstract so that we can see whether they comply with the statute or not. We have repeatedly held that while this court will examine the record for the purpose of affirming a judgment it will not do so for the purpose of reversing it, and that the abstract must be sufficiently full to make manifest the error complained of without an examination of the record.

One of the tracts of land upon which the court rendered judgment was described as follows: "Pt. E. of R. R. N. W. S. E. Sec. twelve (12), Township five (5) S. Range one (1), E. of the third principal meridian (23½ A) Goode township, Franklin county, Illinois." It is contended by appellant that this description is too uncertain and indefinite to sustain the tax; that from such description the land can not be located, and that in consequence thereof the judgment against such tract cannot be sustained. In *Olcott* v. *State,* 5 Gilm. 481, it was held by this court that for the purposes of taxation the description of land must be sufficiently definite and certain to enable a surveyor to locate it, and from this rule there has never been a deviation. The vital question, therefore, is whether or not this description is sufficiently definite and certain to enable a surveyor to locate it.

For the purpose of showing that it had an interest in the controversy, appellant offered in evidence a deed from the Southern Gem Coal Corporation, a Delaware corporation, to the Southern Gem Company, an Illinois corporation, dated February 20, 1922, which, among other properties in section 12, township 5 south, range 1 east, in the third principal meridian, conveyed "that part of the No. W. quarter of the S. E. quarter (N. W. 1 quarter of S. E. 1 quarter) lying E. of the Chicago, Burlington and Quincy R. R. Company's right of way." It was stipulated that appellant had been in possession of this property from the date of the deed continuously up to June 26, 1927. The evidence shows that the tracks and right of way of the Chicago, Burlington and Quincy Railroad Company run north and south through the northwest quarter of the southeast quarter of section 12, and that while east of this right of way there are some mine and switch-tracks of appellant, the railroad of the Chicago, Burlington and Quincy Railroad Company is the only railroad operated by a railroad company across the land above described. C. B. Mautz, an

engineer and surveyor of Benton, Illinois, on direct examination testified that the description in question on the tax list is not so definite and certain a description as to enable him, as an engineer and surveyor, to locate the property, basing his opinion on the existence of the mine switch-track lying east of the right of way of the Chicago, Burlington and Quincy railroad, stating that he construed the term "railroad" to mean mine switches or any other railroad tracks. On cross-examination he said: "If railroad is meant by 'R. R.' I could locate the land by this description if it means operated by a railroad company. There is only one railroad company that owns and operates tracks running north and south through this particular section, in this county." That the engineer did not, in fact, have any difficulty in locating the land described is evidenced by the fact that he made a plat of "that part of the N. W. 1 quarter S. E. 1 quarter, Sec. 12 T. 5, S. R. 1 E. lying east of the C. B. & Q. R. R.," which plat was introduced in evidence by appellant, upon which appear parallel lines designated "Chicago, Burlington and Quincy Railroad" and other lines designated "mine tracks."

In construing a publication notice for an application for a judgment for the sale of real estate for the payment of delinquent taxes the same rules of interpretation must be used as in construing other instruments, and the meaning of words is frequently to be determined by their ordinary use and by the context in which they appear. A description for purposes of taxation is to be construed with reference to the well known custom in describing property for purposes of taxation with respect to letters, characters and abbreviations. A description which would be sufficient in a conveyance is doubtless generally sufficient for taxation. If the description is the same as that by which the owner has acquired title, he will, of course, not be misled in any way, and that description will be good against him for the reason that he has adopted it. (*Koelling* v. *People,* 196 Ill.

353.) For the purpose of taxation any description by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is good. (*Law* v. *People,* 80 Ill. 268.) The purpose of the description is to give the owner information of the claim made against his property, and in case of sale to inform the public what land is offered for sale and to enable the purchaser to obtain a sufficient conveyance. While a railroad has been defined as "a road specially laid out and graded, having parallel rails of iron or steel for the wheels of carriages or cars drawn by steam or another motor power, to run upon," in *Hartzell* v. *Alton, Granite and St. Louis Traction Co.* 263 Ill. 205, it was said: "The meaning of the word 'railroad' in any act can only be determined by reference to the context and the manifest intention of the legislature." While a switch-track or mine track may be part of a railroad, yet such tracks are not in common parlance designated as railroads. The word "railroad" may sometimes mean the track or ground upon which the rails constituting the track are laid, or it may mean the right of way, including the track and the land on either side of the track, according to the connection in which the words are used. (*St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 Ill. 508.) We are of the opinion that the description of the premises in question in the tax list was sufficiently definite so that appellant would not be misled into the belief that the property against which judgment was sought to be obtained was that part of the northwest quarter of the northeast quarter lying east of the switch-track or the mine tracks, but would know and understand that the letters "R. R." as used in the description are synonymous with the words "right of way" in the deed by which it acquired its title to the property in question. Appellant in its brief states: "When the description is written out, eliminating the abbreviations, it reads as follows: 'That part of the northwest one-quarter

of the southeast one-quarter of section 12, township 5 south, range 1 east of the third principal meridian, containing 23½ acres, and lying east of the railroad in Goode township, Franklin county, Illinois.' " We are of the opinion that this description, under the evidence in this case, is the equivalent of the description contained in the deed by which appellant acquired the property and that it is sufficient for the purposes of taxation.

The judgment of the county court of Franklin county is affirmed.

*Judgment affirmed.*