(No. 24463.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SIMEON CLARK, Plaintiff in Error.

*Opinion filed February 17, 1938.*

ELLIS & WESTBROOKS, HENRY C. FERGUSON, and W. S. JEWELL, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, SHERMAN DEUTCH, State's Attorney, A. B. DENNIS, and LAWRENCE B. McMUNN, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Simeon Clark, commonly called Simm Clark, was convicted by a jury in the Fulton county circuit court of the murder of George Emory. He was sentenced to the penitentiary for life. The errors relied upon for a reversal are that the verdict is not supported by the evidence, is contrary to the manifest weight of the evidence and that the court erred in giving certain instructions on behalf of the People.

Defendant admitted that he shot and killed George Emory, but claims he did so in self-defense. About 10:00 o'clock on December 23, 1936, the morning of the fatal shooting, defendant drove Mrs. Lucille Gardner, for whom he was working, to Smithfield, and parked her Ford car in front of the post-office on the west side of Main street. He went in and got the mail. When he returned to the car, Mrs. Gardner stated that she wanted to see Lewis Emory, father of George Emory, and went over to the Emory car, which was parked on the east side of Main street. Her conversation with the Emorys developed into an argument, but the evidence is conflicting as to the subject of the argument and as to who started it. At any rate Mrs. Gardner walked back to her car at a rapid pace and George Emory followed close behind her. Mrs. Gardner got into her car and locked the door. Emory then went around to the other side where defendant had been sitting all this time. The evidence is conflicting as to whether defendant called Emory a vile name or whether he told him to calm himself, and also as to whether Emory threatened to kill both defendant and Mrs. Gardner. It is clear that Emory either struck or slapped defendant.

Defendant and Mrs. Gardner testified that Emory tried to pull defendant out of the car, but that defendant braced himself with his feet on the floor and his left hand across the back of the seat and told Emory to calm himself; that defendant reached into the glove compartment of the car

and got a revolver which belonged to Mrs. Gardner's deceased husband and which she always kept there for protection; that he laid the gun across his lap; that George Emory backed up about ten feet and said "To hell with your gun; to hell with you and your popgun, Clark, I will make you eat that gun;" that Emory then slipped his right hand into his hip pocket, reached out his left hand and started toward defendant, saying "I will finish this, I will kill you both," defendant asking him to stop; that defendant fired one shot when Emory was about five feet from him, and that Emory walked back until he was about twelve feet from the car and fell. They testified that Emory was known to be a dangerous man and that they had several times seen him pull knives on people. Defendant was fifty-seven years old, weighed 127 pounds, and was in bad health. Emory was twenty-six years old, weighed about 180 pounds, and was of an athletic build.

Witnesses for the People testified that Emory was backing away from defendant and that he was from ten to twenty feet away at the time he was shot. They testified that Emory did not back up several feet after he was shot, but that he fell in his tracks.

The evidence is of such a character that it was essential the jury should have been accurately instructed. Several instructions are complained of.

Instruction number 2 defines murder and express and implied malice, in the language of the statute. The objection to this instruction is that it ignores the element of self-defense. This instruction was condemned in *People* v. *Dascola,* 322 Ill. 473, on the ground that it contains an abstract proposition of law liable to be misleading and should not have been given without calling attention to the element of self-defense. That objection is applicable to this case.

Instructions numbers 12 and 13 told the jury that if at the time the mortal wound was inflicted it was not necessary, or apparently necessary, in order to save defendant's

own life or to prevent his receiving great bodily harm, the killing could not be justified under the plea of self-defense. The court erred in giving this instruction. (*People* v. *Durand,* 307 Ill. 611.) The true test is what the defendant believed was necessary, acting as a reasonable man, not whether the jury believed from the evidence that it was necessary or apparently necessary.

Instruction number 15 is substantially sections 148 and 149 of division 1 of the Criminal Code, (Ill. Rev. Stat. 1937, p. 1146,) which define self-defense and defense of habitation. It has been held not to be reversible error to give this instruction when both sections are given. (*Mackin* v. *People,* 214 Ill. 232; *People* v. *Laures,* 289 id. 490.) However, this instruction is subject to criticism on the ground that it requires proof of actual danger and that the killing was absolutely necessary, and on the further ground that it contains much that is not applicable to the facts of this case. *People* v. *Durand, supra.*

Instruction number 16 stated that the law of self-defense does not imply the right of attack in the first instance, nor does it permit of action done in retaliation or for revenge. The first part of this instruction should not have been given, for there is no evidence that defendant made the attack in the first instance. It is not good practice to include in instructions propositions of law not applicable, because it may result in misleading the jury. *People* v. *St. Lucia,* 315 Ill. 258.

Because of the errors committed in instructing the jury, in view of the character of the evidence, the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*