## People of the State of Illinois, Defendant in Error, v. Grant Stamey, Plaintiff in Error.

### Gen. No. 9,233.

478

Opinion filed July 25, 1940. Rehearing denied October 1, 1940.

LYNN S. CORBLY, of Champaign, for plaintiff in error; F. T. CARSON and LLOYD S. ENGERT, both of Urbana, and T. E. LYONS, of Champaign, of counsel.

FRED B. HAMILL, State's Attorney, for defendant in error; C. H. SWICK, of Urbana, of counsel.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Plaintiff in error, Grant Stamey, seeks to review and reverse a judgment of conviction entered against him on the 25th day of September, A. D., 1939, in the county court of Champaign county, Illinois, after trial by a jury upon an information filed on April 13, 1939, by the State's Attorney of said county charging said Stamey with gaming in violation of the provisions of sec. 1, para. 412, of the Criminal Code, being ch. 38 of Ill. Rev. Stat., 1939 [Jones Ill. Stats. Ann. 37.360], prohibiting the sale of lottery "policies" or tickets.

Numerous errors were assigned, the principal of which related to alleged failure to substantially comply with statutory requirements concerning the preparation of jury lists and of ordering, selecting and summoning veniremen to serve upon the petit jury panel, some of which objections were raised in the trial court by defendant's motions to challenge the array and talesmen and to quash the venires and jury panel, which motions were overruled by the court. Further assignments of error concerned the admission of alleged incompetent and prejudicial testimony and the giving and refusal of certain instructions.

From the original and additional abstracts and record herein, it appears that on August 9, 1939, the clerk of said court, pursuant to an order entered on said date, caused to be drawn from the jury box a venire of thirty jurymen who were duly summoned to appear for impanelment and service in said court on September 6, 1939, when the above cause and certain other cases were set for trial. Twenty-seven of the men appeared in

open court on that morning, of whom thirteen were excused from service on the regular panel for good cause shown. The court ordered the sheriff of Champaign county to summon ten additional jurors from the body of the county, who were forthwith called and appeared in court. This procedure was objected to by oral motion of plaintiff in error's counsel, and the names of eighteen additional jurymen were forthwith ordered by the court to be drawn from the jury box to complete the regular panel of twenty-four jurors and were so duly drawn and summoned to appear for duty at nine o'clock on the following morning. Defendant's motion to quash was thereupon denied, and the case, which had not been called for trial, was also set down for hearing on the following morning.

The original venire of thirty jurors, of whom twenty-seven appeared and thirteen were excused, together with the additional venire of eighteen jurymen so drawn from the jury box to complete the panel were names of men who had been duly selected and placed upon the jury list of 10 per cent of the legal voters of said county by the board of supervisors thereof at their annual meeting in September, 1937. Defendant contends that no additional list was made in September, 1938, or subsequent thereto by the board of supervisors. On the morning of September 7, 1939, when the case was called for trial, the ten talesmen called from the body of the county were excused, defendant's oral motions to challenge the array and quash the panels were renewed and again overruled. The jury was selected from veniremen whose names had been so drawn out of the jury box, said jury was impanelled, the cause tried, a verdict of guilty returned against the defendant, his respective motions for a new trial and for parole on probation were denied by the trial court, judgment of conviction on the verdict and sentence duly followed, and the cause comes to this court for review upon writ of error.

It is objected that twenty-four jurors from the regular panel were not present and impanelled in open court on the evening of September 6, 1939, when the jury was partially impanelled and the ten talesmen who were called by the sheriff from the body of the county by order of the court were present in court, the remainder from which the regular panel was so completed not appearing in open court until the following morning.

It is provided in substance by sec. 12 of ch. 78, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.235], that the judge shall examine the jurors who appear and if more than twenty-four qualified petit jurors not subject to exemption shall appear and remain after all excuses are allowed, the court shall discharge by lot the number in excess of twenty-four and that ''if for any reason the panel of petit jurors shall not be full at any time the clerk of such court may again repair to the office of the county clerk and draw in the same manner as at the first drawing, such number of jurors as the court shall direct, to fill such panel, who shall be summoned in the same manner as the others, and if necessary, jurors may continue to be so drawn and summoned from time to time until the panel is filled.'' The above section further provides that in case a jury is required in any trial before the panel is filled as above provided, the court shall direct the sheriff to summon from the bystanders or from the body of the county a sufficient number of persons having the qualifications of jurors to fill the panel in order that a jury to try such cause may be drawn therefrom.

Before passing upon defendant's oral motions on September 6th, the court had duly ordered the clerk to draw the additional names to complete the regular panel of twenty-four from the jury box to appear for impanelment and service on the morning of September 7th. This was in strict compliance with the requirements of the statute. The case had not been called

for trial, but was set for trial on the following day, when the above motion of the defendant was renewed and properly denied by the court before proceeding with the trial.

It was held in *People v. Lembke,* 320 Ill. 553, 151 N. E. 535, that where there are less than the required twenty-four jurors on the panel, names should be drawn from the jury list by the clerk of the court and those persons summoned in order to make the required number, even though to avoid delay talesmen are summoned from bystanders by the sheriff to make up the required number for the trial of a particular case.

Here, after the order of the court that additional jurors be drawn to complete the regular panel, it would have been proper to order the sheriff to call ten jurors from the body of the county or from bystanders to complete the jury. However, no talesman called by the sheriff was either used as a member of the panel or in the trial of the cause on September 7th, after the regular panel of twenty-four jurors was completed as required by statute and the special talesmen had been excused. The jurors must be by order of the court drawn by the clerk from the regular list from the jury box and there must be twenty-four in number accepted by the court to constitute the valid jury panel. *Borrelli v. People,* 164 Ill. 549, 45 N. E. 1024. This procedure was followed by the court and was neither erroneous nor harmful to the rights of the defendant.

Plaintiff in error further contends that the jury list was not prepared in accordance with the provisions of the jury act; that the last list containing 10 per cent of the legal voters of said county, which list had not been exhausted and from which the names in the jury box had been drawn, was prepared by the county board at its September meeting, 1937. Section 1, ch. 78, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.224], enacted in 1874, provided that "The county board of each county shall, at or before the time of its meeting, in

September, in each year, or at any time thereafter, when necessary for the purpose of this Act, make a list of sufficient number, not less than one-tenth of the legal voters of each town or precinct in the county, giving the place of residence of each name on the list, to be known as a jury list.'' By an act of the legislature, effective July 1, 1939, said section 1 was amended by adding and inserting the words ''of each sex'' after the words ''legal voters'' appearing therein.

Section 22 of said chapter [Jones Ill. Stats. Ann. 107.245] further provides that ''Until the first annual meeting of the several county boards of this state after the passage of this act, the lists already prepared as the jury lists shall constitute the jury lists provided for under section 1 of this act, and jurors may be selected therefrom in counties where such selection may be necessary, at any time before said annual meeting of the county board, in the manner provided in section 2 of this act.'' The next annual meeting of the county board after the above amendment of 1939 provided for placing the names of women in the jury box, was to be held on September 12, 1939, which was the week following defendant's trial on September 7th.

Furthermore, the objection that no names of women appeared on the jury list or panel which convicted the defendant could not now be availed of, since such objection was not raised in any of defendant's challenges or motions to quash in the lower court nor at any time until the same was first mentioned in his assignment of errors in this court, which objection we therefore deem to have been waived.

The above oral motions were interposed and passed upon on September 6 and 7, 1939. After the report of the proceedings of the trial had been presented to and approved by the trial judge on December 13th, defendant procured an *ex parte* affidavit dated and sworn to on December 14th by the clerk of the county court, purporting to narrate what the record of proceedings of

the county board showed and did not show concerning the preparation of jury lists at the September meeting, 1937, and subsequent thereto until August, 1939. The objection to the jury list was not raised in the motions challenging the array or to quash the panel, nor were any such records offered in connection therewith or included in the report of proceedings at the trial, and plaintiff, defendant in error herein, properly insists that the same is not now before this court for consideration upon any such assignment of error. Such oral motions were not abstracted and no written motions to quash were filed. Likewise, a reference to the original record by pages thereof indicated on the margin of the abstract shows no motion, either oral or written, concerning or relating to the preparation of the jury lists by the county board or setting forth such specific grounds of challenge or to quash the array or any verification, affidavits or evidence in support thereof.

The law is well settled that it is necessary that such evidence or proof in support of the challenge must be made and preserved in the bill of exceptions, or the action of the trial court in overruling the challenge is not open to review. A party bringing a case to this court must furnish such a complete abstract of the record that it will fully present every error and exception relied on for reversal of the judgment of the trial court. *People ex rel. Akin v. Southern Gem Co.*, 332 Ill. 370, 163 N. E. 825.

In the case of *People v. Hotchkiss*, 347 Ill. 217, 179 N. E. 524, it was urged that the overruling of defendant's challenge to the array of the petit jury panel and denial of motion for new trial was reversible error. There, the challenge to the array was signed by defendant's attorney but was not sworn to nor supported by accompanying affidavits, nor was any evidence offered in its support. This failure to support the challenge either by evidence or by affidavits was a fatal omission

and justified the trial court in overruling the challenge. *People v. Stevens*, 335 Ill. 415, 167 N.E. 49; *Earll v. People*, 73 Ill. 329; *Borrelli v. People, supra.* Where a challenge to the array of jurors is made, the challenger must support his challenge by affidavits or proof of the illegality of the panel. *People v. Stevens, supra, Borrelli v. People, supra.*

Among other errors assigned was the fact that one W. H. Birdsell had been served and impanelled, whereas it is alleged that one M. A. Birdzell signed the verdict, but it appears from an examination of the whole of the record that the clerk did not properly type the initials of W. H. Birdsell, who was actually drawn and summoned and duly impanelled and served and so actually signed the verdict. Said Birdsell was questioned and accepted upon examination of the panel, by counsel of both parties as a member of the jury and was not challenged on that ground, nor does it appear that plaintiff in error had exhausted his peremptory challenges or that he had been in any way prejudiced thereby. We deem this assignment of error, therefore, to be without merit.

One of the errors assigned alleged that the court erred in permitting a certain portion of a search warrant identifying the name of Grant Stamey as appearing therein to be read and go to the jury, concerning which a witness had been cross-examined at length by defendant's counsel and so admitted to rebut the inference that witness' memory in relation thereto was faulty in that the name did not so appear. In view of the nature, extent and stated purpose of the defendant's cross-examination concerning such recitals, it was neither improper nor prejudicial to admit this evidence in rebuttal. From the abstracts, no harmful error appears.

A further assignment concerns the giving of plaintiff's Instruction No. 8 and refusal of defendant's instructions number two and three. Numerous instruc-

tions were given by both parties, many repeating the same principles of law which were not abstracted and do not appear before this court, and it is fundamental that in order to preserve an error of record for consideration of a court of review, the error must appear in the abstract of record. It is not the duty of the Appellate Court to search through the original record in order to pass upon an alleged error. *People v. Heywood,* 321 Ill. 380, 152 N.E. 215; *People v. Wetherington,* 348 Ill. 310, 180 N.E. 843; *People v. Shader,* 326 Ill. 145, 157 N. E. 225; *Dunlap v. Brotherhood of Railway Trainmen,* 214 Ill. App. 376.

From a consideration of all errors assigned and before this court, we hold that no prejudicial error appears and we find no reversible error in the record. A jury has heard the evidence and passed upon the issues of fact and no error is assigned or preserved as to the weight of the evidence. The judgment of conviction of the plaintiff in error by the county court of Champaign county will therefore be affirmed.

*Judgment affirmed.*