(No. 26209.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ED ALLEN, Plaintiff in Error.

*Opinion filed November 18, 1941.*

FLETCHER LEWIS, (LESLIE A. CRANSTON, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and GLENN O. BROWN, State's Attorney, (C. E. WRIGHT, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Ed Allen, was indicted by the grand jury of Jackson county for the crime of killing and murdering on June 29, 1940, of one Lonnie Hill. He was found guilty of murder by a jury and sentenced to the penitentiary for a term of fourteen years. He prosecutes the writ of error to this court to review errors of law in the ruling upon evidence by the trial court, and in the giving of certain instructions claimed to be erroneous.

The evidence in the case is very conflicting. The testimony upon the part of the People tended to prove that on the evening of June 29, 1940, a number of people were in a tavern at the corner of Twelfth and Chestnut streets in the city of Murphysboro; that there was some disturbance in front of the tavern on the street; that a fight was started by plaintiff in error with the deceased, and that without any provocation the latter was shot, when he was at a distance of from five to fifteen feet, by plaintiff in error. On the other hand testimony was offered on behalf of plaintiff in error tending to show he was commissioned by the owner of the tavern to restrain boisterous conduct on the outside;

that the deceased was using vile and vulgar language concerning the loss of a cap, and was admonished by plaintiff in error to refrain from the use of such language; that the deceased grew angry, drew a knife, opened it and cut at the plaintiff in error striking his person once and part of his clothes a second time; that before that time no assault had been made upon the deceased, and that plaintiff in error fired one shot and killed the deceased in necessary self-defense. There was also evidence tending to show the deceased had a general reputation of being a violent, dangerous and quarrelsome man. We will not go into the details of the evidence because no question of its weight is raised by the assignment of error.

Where evidence in a criminal case is conflicting in its nature it is highly essential for a proper consideration of the facts by a jury that it be correctly instructed. A number of instructions given on behalf of the people are assigned as error. The People's instruction No. 32 is as follows: "You are instructed that if the jury believe from the evidence beyond a reasonable doubt, that the defendant, Ed Allen, wilfully, maliciously, deliberately and intentionally shot and killed the deceased, Lonnie Hill, with a gun, as charged in the indictment, and if the jury further believe from the evidence, beyond a reasonable doubt, that such shooting and killing was not necessary, or apparently necessary to save his own life, or the life of anyone else, or to prevent him from receiving great bodily harm, then the jury should find the defendant guilty of murder as charged in the indictment."

This type of instruction was condemned in *People* v. *Clark*, 368 Ill. 183, wherein this court said: "The true test is what the defendant believed was necessary, acting as a reasonable man, not whether the jury believed from the evidence that it was necessary or apparently necessary." In that case we followed *People* v. *Durand*, 307 Ill. 611, where an instruction in almost the identical language was

given. In commenting upon it the court said: "The jury were told by the instruction that whether or not the defendant was justifiable under his plea of self-defense depended upon whether or not they believed, beyond a reasonable doubt, from the evidence, that it was necessary or apparently necessary in order to save his own life," and it was there pointed out that it is not a question of whether or not the evidence shows the danger to be real, but as to what the defendant honestly believed, as a reasonable man, at the time of the commission of the crime. Examination of People's instruction No. 32 shows that it incorporates the statement condemned in the foregoing cases, which informs the jury that if it, the jury, believe that the plaintiff in error killed the deceased, and if it, the jury, believes the killing was not necessary, or apparently necessary, then it is the duty of the jury to convict. As we have repeatedly pointed out, the test is not whether the jury believed the facts justified the slaying of the deceased in self-defense, but whether under the evidence the defendant honestly believed he was in such danger, or apparent danger, as required the killing of his opponent. The giving of instruction No. 32 was error.

The People's instruction No. 12 was as follows: "The law does not require that the jury should believe that every fact in a criminal case has been proven beyond a reasonable doubt before they can fined the accused guilty. The reasonable doubt the jury is permitted to entertain must be as to the guilt of the accused on the whole of the evidence, and not as to any particular fact in the case." This instruction in the same form has also been condemned as error by this court in *People* v. *Johnson,* 317 Ill. 430, which follows *People* v. *Prall,* 314 id. 518, *People* v. *Mooney,* 303 id. 469, and *People* v. *Davis,* 300 id. 226. An instruction embodying the same principle, but not in the exact language of instruction No. 12, has been held reversible error in *People* v. *Rukavina,* 338 Ill. 128, *Peo-*

*ple* v. *Rongetti,* 331 id. 581, and *People* v. *Flynn, post* p. 351. The giving of this instruction was error because, while every fact is not required to be so proved, the essential facts to constitute the crime must be so established as to be beyond reasonable doubt, and this instruction does not differentiate between them.

After plaintiff in error had gone upon the stand and testified that he had shot the deceased in self-defense, a number of witnesses testified that the deceased had a generally bad reputation as a dangerous, violent and quarrelsome man. In the course of the examination of the plaintiff in error he was asked the question as to whether he knew the general reputation of the deceased as to being a dangerous, violent and quarrelsome man, and going about armed with a large knife, and the general objection of the People to this question was sustained. There is no doubt that in cases where self-defense is involved the defendant has a right to show that he is acquainted with the dangerous disposition of the deceased. (*Cannon* v. *People,* 141 Ill. 270; *Carle* v. *People,* 200 id. 494; *People* v. *Terrell,* 262 id. 138; *People* v. *Brindley,* 369 id. 486.) It is said the question was improper because the general reputation of the deceased as a violent and dangerous man was coupled with his general reputation of going about armed with a large knife. In *McDonnall* v. *People,* 168 Ill. 93, it is inferentially held that proof of going about habitually armed with a deadly weapon, if known to the defendant, is proper evidence, and we see no reason, on principle, why the rule in this respect should be different than the rule with regard to reputation for violence. It was highly important to the defendant to show that he knew of the dangerous disposition of the deceased. The mere fact that the deceased might have a general reputation for violence, if unknown to the plaintiff in error, would undoubtedly produce in him a different state of mind than if he had knowledge of such disposition. The refusal of the court to permit

the defendant to answer this question accentuated the error of the court in giving instruction No. 32, which informed the jury that it was the judge of the necessity for killing Hill, rather than determining from the evidence what justification plaintiff in error had in his own mind for discharging the fatal shot. It is claimed, however, that the question was not in proper form. There was only a general objection—no specific ground was pointed out. The rule is well settled that the general objection to a question propounded to a witness will be regarded as going to the competency of the testimony, and not the form of the question, and where the testimony sought to be elicited is pertinent it is error to sustain such an objection. (*Tracy* v. *People,* 97 Ill. 101; *People* v. *Bopp,* 285 id. 396; *People* v. *Walczniak,* 273 id. 76; *People* v. *Fitzgibbons,* 346 id. 338.) In fact the rule is elementary. The fact sought to be proved by the answer to this question was a highly material element to self-defense under the statute, and it was error upon the part of the court to sustain the objection.

It is further claimed that the instructions, as a series, correctly state the law, and, therefore, any error in the giving of the erroneous instructions is cured. An incorrect instruction in a case where the evidence' is conflicting is not cured by a correct one, for the very adequate reason it is impossible to determine which instruction the jury followed. *People* v. *Bradley,* 324 Ill. 294; *People* v. *True,* 314 id. 89; *People* v. *Dettmering,* 278 id. 580; *People* v. *Lee,* 248 id. 64; *People* v. *Novick,* 265 id. 436; *People* v. *Casino,* 295 id. 204.

Other instructions given are subject to criticism, although not necessarily grounds for reversal. Instruction No. 1 is subject to criticism in the use of language requiring it to appear that the danger is urgent and pressing, whereas the true rule is that the facts are such that the defendant believes he is in apparent danger whether the danger is real or not. (*People* v. *Durand, supra.*) Instruction No. 5

is likewise misleading because it disregards the possibility of the defendant, after the affray started, attempting to withdraw from the conflict.

Prejudicial error was committed by the court in giving instructions Nos. 32 and 12, and in refusing to allow the defendant to testify as to his knowledge of the alleged dangerous and vicious character of the deceased. Good practice would require that instructions covering the principles involved in instructions Nos. 1 and 5 be given in more accurate language.

No question as to the weight of the evidence is presented to the court, and it seems rather regrettable that a new trial is necessary where the exercise of a small amount of work would have shown the necessity of correctly instructing the jury upon the matters covered by instructions Nos. 32 and 12, by referring to the numerous decisions of this court pointing out the proper elements to be contained in such instructions.

For the errors pointed out the judgment of the circuit court of Jackson county is reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*