People of the State of Illinois, Defendant in Error, v. Harry B. W. Kallista and Anna Kallista, Plaintiffs in Error.

Gen. No. 9,317.

Opinion filed February 24, 1942.

WALLACE J. BLACK and KENNETH W. BLACK, both of Peoria, for plaintiffs in error.

C. G. COLBURN, State's Attorney, for defendant in error.

Mr. Justice Riess delivered the opinion of the court.

Plaintiffs in error, Harry B. W. Kallista and Anna Kallista, his wife, were tried, found guilty by a jury and convicted of the offense of simple assault in the circuit court of Cass county under an indictment charging them with an assault with a deadly weapon, to-wit: a gun, with an intent to commit bodily injury upon George Jockisch when no considerable provocation appeared and where the circumstances of the assault showed an abandoned and malignant heart.

The defendant, Harry B. W. Kallista, is a small man, past sixty years of age, and at the time of the occurrence in question, was suffering from a heart ailment. On December 5, 1940, he and his wife, Anna Kallista, drove to Bluff Springs, Illinois, for the purpose of making settlement for corn rent which was due him from tenants on farms owned by him and located in the vicinity of Beardstown. At that time, he was informed that corn was being hauled from one of his farms on which Julius Jockisch was a tenant and from whom rent was due. Later in the same day, he drove to this farm and while stopping his car, George Jockisch and his son approached Kallista's car. There was some argument between them about a division of the corn, and the evidence as to what later occurred is very conflicting. Witnesses on behalf of the People testified that the defendant, Harry B. W. Kallista, pointed a gun at Jockisch and that Mrs. Kallista threatened Jockisch with the gun, while both defendants denied that any gun was pointed at Jockisch or that they had made any assault of any kind; both testifying that Jockisch, without any provocation, assaulted and severely beat plaintiff in error, Harry B. W. Kallista. Kallista suffered a broken nose, severe bruises and abrasions about his face and was confined to a hospital for approximately three days.

Numerous grounds are assigned for reversal; one being that the State's Attorney is representing the

complaining witness in a civil suit involving the same set of facts as are involved in this case. While his actions in this regard may be highly improper, it would not be grounds for reversal herein, since this would not be a proper forum in which to determine that question.

The record is voluminous and consists of 750 pages. It would serve no good purpose to discuss all errors assigned. Although the issues involved were simple, the court gave 50 instructions to the jury; a number of which have been repeatedly criticized by the Supreme and Appellate Courts of this State.

By People's Instruction No. 12, the jury were told, ''That intention may be inferred from the facts and circumstances shown by the evidence and if the pointing of a gun towards the person of George Jockisch was deliberately done, and was likely to be attended with dangerous circumstances, the malice or intention requisite to make out the charge in the indictment would be presumed.'' The instruction assumes the pointing of a gun towards the person of George Jockisch. Further, in order to commit the crime charged in the indictment, it was necessary for the defendant to make an assault on the person of George Jockisch with intent to commit bodily injury, when no considerable provocation appeared, or where the circumstances of the assault showed an abandoned or malignant heart. Both the assumption of fact and the statement of the law, as contained in this instruction, is erroneous.

By Instruction No. 15, the jury were told, ''That before the defendant could avail himself of the right of self-defense, it must appear that at the time and immediately before the drawing and pointing of the gun toward the person of George Jockisch, that the danger was so urgent and pressing that it was necessary in order to save his own life, or prevent his receiving great bodily harm; that the pointing and drawing of the gun towards him was absolutely neces-

sary, or apparently necessary, etc.'' The jury were further instructed that before a person in self-defense can be justified in resorting to a deadly weapon and using it in a deadly manner, it must appear to him, as a reasonable man, that he was in imminent peril of death or of great bodily harm. The rule of apparent necessity is also ignored in the first part of the instruction. But of greater importance is the fact that self-defense was not pleaded or claimed by defendants and is not an issue in this case, and it was erroneous to instruct the jury on this question. It was also improper for any of these instructions to assume that the defendants, or either of them, had pointed a gun at George Jockisch, as both defendants positively denied that they, at any time, made any assault upon the complaining witness by pointing a gun at him. Whether they had assaulted the complaining witness, as charged in the indictment, was a material allegation and a highly controverted fact in issue in the case. The facts assumed in the instructions amounted to a finding by the court on a material element of the charge which the jury were sworn to try. It is not the province of the court, in giving an instruction, to assume the truth of any controverted fact, and such instruction, where the evidence is conflicting, becomes sufficiently prejudicial to require a reversal of a judgment of conviction. *People v. Celmars,* 332 Ill. 113, 163 N. E. 421.

Instructions No. 28 and No. 35 defining circumstantial evidence were given to the jury. Instructions stating the principles of law which apply where a conviction is sought upon circumstantial evidence have no application and are properly refused where the testimony in the case is direct. Neither of these instructions should have been given.

Instruction No. 47, given on behalf of the People, directed a verdict of guilty against the plaintiff in

error, Anna Kallista, although all the elements of the offense were not included in the instruction.

Instruction No. 36, which tells the jury that the reasonable doubt which they are permitted to entertain must be as to the guilt of the accused on the whole of the evidence and not as to any particular fact in the case, has been repeatedly condemned and should not have been given. *People v. Allen,* 378 Ill. 164, 37 N. E. (2d) 854. Certain other of the numerous instructions are subject to criticism.

The plaintiffs in errors' defense was that they had made no assault whatever on the complaining witness. If their testimony is true, George Jockisch was the assailant and committed an assault on the plaintiff in error, Harry B. W. Kallista.

The evidence was highly conflicting, and in such a case, the instructions should be accurate and should not improperly influence the jury in determining questions of fact. *People v. Celmars, supra.* As a general rule, it is bad practice to offer voluminous instructions, and this is especially true in criminal cases wherein the issues of law and fact are simple and may be readily defined.

For the errors indicated, the judgment of the circuit court of Cass county is reversed and the cause is remanded.

*Reversed and remanded.*