73 So.2d 244

### CLINKSCALE v. STATE.

#### 6 Div. 819.

Court of Appeals of Alabama.

June 1, 1954.

Beddow & Jones, Roderick Beddow and Roderick Beddow, Jr., Birmingham, for appellant.

Si Garrett, Atty. Gen., and Jas. L. Screws, Robt. Straub and Arthur Joe Grant, Asst. Attys. Gen., for the State.

PRICE, Judge.

Under an indictment charging murder in the first degree, the defendant was convicted of murder in the second degree and punishment was imposed at ten years imprisonment in the penitentiary.

The evidence is undisputed that appellant killed Thomas William Smith by shooting him with a rifle.

Defendant and deceased were brothers-in-law, they having married sisters. They were joint owners of the farm on which they lived in houses a hundred and fifty or two hundred feet apart. Bad feeling had existed between defendant and deceased for some time. Defendant's testimony was to the effect that on several occasions deceased had cursed and abused him and threatened to kill him. At some of these times he either had a pistol in his hand or was holding his hand in his pocket in a threatening manner.

He stated that on the morning of the killing defendant was working on his truck parked by his house and deceased was picking up coal about halfway between the two houses. Deceased would stoop over, pick up a little coal, throw it in the bucket and look around at defendant like this (indicating); then he would reach down and pick up another piece of coal. He reached down, got a handful of straw and all at once he grabbed his pistol and said "Damn you, you ran from me yesterday." As he was trying to remove the pistol from the front of his clothing his belt broke and the gun fell down in the bib of his overalls. While he was tussling with his pistol he was facing defendant. When the belt broke he caught his gun as it started down in his overalls. It was then that defendant shot at his legs, but just as the shot was fired deceased whirled and fell on his right side. The bullet entered the left hip from the rear.

State's witnesses Miles, who was working as an embalmer and ambulance driver, deputy sheriff Holmes and one Meagher testified there was a freshly torn belt under deceased's body and Miles and Holmes testified there was a pistol in deceased's overall bib.

The record discloses the following during defendant's redirect examination:

"Q. I will ask you to tell these gentlemen whether or not, prior to the date of the 11th of May, 1952, you knew him to be an habitual pistol toter?

"Mr. Thompson: Don't answer. I object.

"The Court: Sustain.

"Mr. Beddow, Sr.: We except.

"The Witness: Am I supposed to answer it?

"Mr. Beddow, Sr.: The judge says 'no.'

"Q. I will ask you to tell the jury whether or not you knew his general reputation in the community in which he lived for being an habitual pistol toter?

"Mr. Thompson: Same objection.

"The Court: Sustain.

"Mr. Beddow, Sr.: We except."

■ "* * * the general rule is that, where the evidence tends to show that accused might have acted in self-defense, evidence is admissible to show that deceased was in the habit of carrying firearms or other deadly weapons or that he had the reputation of habitually being armed. It must, of course, be made to appear that such habit or reputation of deceased was known to the accused, as otherwise it could not have influenced his conduct, and evidence showing such knowledge is admissible". 40 C.J.S., Homicide, § 272(d), p. 1225. See also Wiley v. State, 99 Ala. 146, 13 So. 424; Naugher v. State, 116 Ala. 463, 23 So. 26; Cawley v. State, 133 Ala. 128, 32 So. 227; Degro v. State, 34 Ala.App. 232, 38 So.2d 354; Sprinkle v. State, 137 Miss. 731, 102 So. 844; People v.

Allen, 378 Ill. 164, 37 N.E.2d 854; Kinder v. Commonwealth, 263 Ky. 145, 92 S.W.2d 8; Gibson v. State, 176 Ga. 384, 168 S.E. 47.

 Under the theory of the defense, as gathered from the defendant's testimony before the jury, that the shot was fired under the honest apprehension that defendant was in imminent peril of his life or limb, these rulings constituted reversible error.

We find no merit in the State's contention that defendant is not entitled to avail himself of this rule, since he saw the pistol on deceased's person prior to shooting him and had actual knowledge that he was armed.

In Sprinkle v. State, supra, one of the grounds of reversal was the excluding of testimony offered by appellant to the effect that deceased had the reputation of habitually going armed. In that case deceased's pistol was in plain view.

In Gibson v. State, supra, "It was stated that the deceased drew 'his gun on me' with the threat, 'I will blow your heart out', whereupon 'I backed off and stumbled over this brick, picked it up, and throwed it. I was expecting to hear the gun shoot every minute.' In view of this defense, it was error requiring a reversal to exclude evidence * * * that the deceased 'habitually and notoriously carried deadly weapons,' and that this reputation was well known to the defendant."

In People v. Allen, supra, defendant's testimony was to the effect that deceased drew a knife, opened it and cut at defendant, striking his person once and part of his clothes a second time; the case was reversed because the court refused to permit defendant to testify he knew the general reputation of the deceased as to being a dangerous, violent and quarrelsome man, and going about armed with a large knife.

And in Kinder v. Commonwealth, supra, defendant claimed to have shot in self defense as deceased advanced toward him with an automobile crank in his hand. The opinion stated the general rule that in homicide cases evidence that deceased was in the habit of carrying concealed weapons is admissible where the homicide is sought to be justified as having been done in self defense and defendant had knowledge of such habit.

For the error indicated the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.