320

(No. 34380.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY ALDRIDGE, Plaintiff in Error.

*Opinion filed September 18, 1958.*

HENRY ALDRIDGE, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Henry Aldridge, was indicted in the criminal court of Cook County for the murder of Otha Gould on July 25, 1952. A jury found him guilty and fixed his punishment at imprisonment in the penitentiary for 25 years. He prosecutes this writ of error.

Defendant admits that he fired the shot that killed Gould. He contends, however, that the killing was in self-defense or resulted from mischance. The sequence of events that led up to the shooting began about 5:30 A.M., on July 13, 1952, when defendant and others were shooting craps at the corner of Thirteenth Street and Ashland Avenue in Chicago. There was a dispute between defendant and another participant, Eddie Outley. Defendant claimed that Outley owed him $6; Outley claimed that he owed only $3 which he offered to pay. Defendant refused to accept the $3 and left. Julius Crawford, a witness for the prosecution, testified that defendant returned about 7:00 A.M. and said that he was coming back and make Outley pay the money

and "mess him up." The witness saw a pistol in defendant's pocket when he returned.

About 11:15 P.M. on July 25, 1952, there was another crap game in progress near the same intersection. Wesley McGuire, a witness for the prosecution, testified that as he came out of a tavern near the intersection he saw the defendant "rejecting" (loading) a pistol with cartridges; that he told defendant, "Don't hold it toward me," to which defendant replied, "I am not after you;" that the witness again went into the tavern and while there heard two shots.

All of the witnesses, except the defendant, agreed that defendant walked up to Outley, who was talking to Otha Gould, the deceased, outside the tavern, and began a discussion about the money which he claimed Outley owed him. There was a scuffle, and defendant fired one shot that went through Outley's armpit and struck Gould in the heart. His second shot struck Outley in the chest. Outley testified that he tripped the defendant as he started to run away, took the gun away from him, and struck him over the head with it several times. During the encounter defendant received a severe knife wound in the throat and another in the back.

It is unnecessary to state the testimony of the witnesses in full detail. The jury had to determine from the evidence whether or not the defendant was acting in self-defense or whether the homicide was the result of misadventure. There was ample evidence from which the jury could have found that the defendant was the aggressor, and that the injuries that he suffered, whether they were inflicted before or after the shots were fired, were inflicted by others in resisting his attack. In important respects defendant's testimony was contradicted by that of other witnesses, and there were inherent improbabilities in defendant's version. His testimony that Outley called him out of the tavern and renewed the argument about the money was contradicted by

every witness who testified to what occurred just before the shooting. Upon the trial defendant testified that one of the prosecution witnesses, Harold Covington, stabbed him in the back. At the coroner's inquest he had testified that he did not see who stabbed him in the back. Defendant also testified that he was attacked by Outley, Gould and Covington; that they had knocked him down, and were kicking him; that while he was lying on the ground and they were kicking him, he reached for his gun which was in a paper bag lying near him, loaded it and fired it. We have carefully examined the record and in our opinion the jury was warranted in finding that he was proved guilty of murder beyond a reasonable doubt.

Defendant also contends that certain remarks of the trial judge were prejudicial. Most of these remarks were made outside the presence of the jury at the conclusion of the People's case when defendant sought an adjournment until the next day upon the ground that the early termination of the People's case had taken him by surprise and that he was unable to proceed because his witnesses were not available. The defendant was granted the postponement. Defendant also complains of the following remark made by the court at the conclusion of the case: "Let the record show that counsel tendered thirty-eight instructions on a simple question that took us two hours to try." It is not clear that this observation was made in the presence of the jury, and in any case the judge's irritation seems to have been directed impartially at counsel for the prosecution and counsel for the defense.

Defendant argues that the court erred in giving certain instructions and refusing others. His abstract sets forth only one instruction. Because the effect of particular instructions, standing alone, can not be accurately appraised, we have consistently refused to consider errors based upon the giving, refusal or modification of instructions unless all of the instructions are set out in the abstract. (*People* v.

*Heywood,* 321 Ill. 380, 384.) In this case, however, it appears from the abstract that all of the 12 instructions tendered by defendant were refused and all of the 27 instructions offered by the prosecution were given. This circumstance has prompted us to depart from the usual rule, and to examine the instructions given and refused.

In our opinion the instructions given by the court fully and fairly informed the jury as to the applicable law. Defendant urges that instruction No. 8, which defines murder and express and implied malice in the language of the statute, and does not mention self-defense, is erroneous, citing *People* v. *Clark,* 368 Ill. 183; *People* v. *Dascola,* 322 Ill. 473; *People* v. *Spranger,* 314 Ill. 602. This instruction correctly states the law and does not purport to direct a verdict. It must be considered with three other instructions which correctly state the law relating to self-defense.

Instruction No. 21 reads: "The court instructs the jury that it is unlawful for a person to carry a pistol concealed on or about his person unless authorized by law to do so." Defendant's objection rests on the proposition that evidence of other independent crimes is ordinarily irrelevant and hence inadmissible. (*People* v. *Reed,* 287 Ill. 606.) Here, however, the fact that defendant was carrying a gun concealed in a paper bag covered by a jacket tossed over his arm was an integral part of the occurrence, and evidence concerning it was of course admissible. The instruction was not necessary, but it did not, in our opinion, confuse the jury, nor did it prejudice the defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*